UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LINCOLN NATIONAL LIFE INSURANCE CO., | ) ) ) | CASE NO.  5:12-CV-1130 |
| PLAINTIFF, | ) ) | JUDGE SARA LIOI |
| vs. | ) ) ) | ORDER |
| KAYLEIGH DRUMMOND, et al. | ) ) ) ) ) | |
| DEFENDANTS. | ) | |

Defendants/cross-claimants Kayleigh Drummond and Shaina Holt (collectively, "cross-claimants") have jointly moved for judgment by default (Doc. No. 14) on their cross-claim (Doc. No. 10) against defendant Christine Norris ("Norris").[1]

On May 8, 2012, plaintiff Lincoln National Life Insurance Co. filed a complaint in interpleader (Doc. No. 1) against defendants Drummond, Holt, and Norris. Norris was served with a summons and the complaint on July 6, 2012. (Doc. No. 7.) On July 27, 2012, cross-claimants filed an answer and cross-claim against Norris. (Doc. No. 10.) [2] Upon review of  the docket, the Court finds that Norris has not properly responded to plaintiff's complaint or cross-claimants' cross-claim.

---

[1] On December 13, 2012, Norris sent a letter to the Court (Doc. No. 15), which the Court declines to deem a response in opposition to the motion.
[2] On July 31, 2012, Norris sent a one-page facsimile transmission (Doc. No. 11-1) to the Court, which the Court similarly declined to deem a responsive pleading to either the complaint or the cross-claim (Order, Doc. No. 11).

On October 8, 2012, cross-claimants applied to the Clerk of Courts of this District (the "Clerk") for entry of default against Norris pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. (Doc. No. 12.) In their application, cross-claimants attached proof that Norris was served with their answer and cross-claim on August 1, 2012. (Doc. No. 12-2.) Accordingly, the Clerk entered Norris's default on October 9, 2012. (Doc. No. 13.)

Cross-claimants bring their motion for default judgment under Federal Rule of Civil Procedure 55(b)(1). Rule 55(b)(1) states:

> If the [claimant]'s claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the [claimant]'s request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

By virtue of the fact that the motion seeks the amount of the proceeds of the insurance policy—Ten Thousand Dollars ($10,000)—it is a sum certain that can be awarded under Rule 55(b)(1). (Mot. for Default J. at 64; Policy, Doc. No. 18-1, at 80; Compl. at ¶ 11.) The Court also finds that there is nothing in the record to suggest that Norris is a minor or not competent to participate in these proceedings.

Accordingly, the Court **GRANTS** cross-claimants' motion for default and **ENTERS JUDGMENT** against defendant Norris for $10,000, the interpleaded proceeds from the insurance policy at issue herein. The Clerk is directed to distribute the interpleaded funds (*see* Doc. No. 19) to cross-claimants, Kayleigh Drummond and Shaina

Holt. This case is closed.

**IT IS SO ORDERED**.

Dated: September 23, 2013

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**